UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0060-CVE |
| ) | |
| HENDRI LOPEZ-FUENTES, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's sealed motion (Dkt. # 12). Defendant requests a 30 continuance of the jury trial date currently set for June 21, 2010. He has executed a speedy trial waiver (Dkt. # 11). The United States does not oppose the motion. Dkt. # 12, at 2.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly"

and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The need for a continuance in this case was not caused by a lack of diligence. The Court finds that this case presents a unique situation, and that the public has a strong interest in the information and activities contained in the sealed motion. A short continuance of the trial date is necessary to ensure that the public's interest is vindicated in both this case and the other matters described in the motion. Due to these unique circumstances, the Court finds that a thirty day continuance is in the best interests of the defendant and the public.

**IT IS THEREFORE ORDERED** that defendant's sealed motion (Dkt. # 12) is **granted**. The June 7, 2010 pretrial conference and the June 21, 2010 jury trial are **stricken**.

**IT IS FURTHER ORDERED** that the following amended schedule is entered:

Pretrial Conference: **July 8, 2010 at 9:00 a.m.**;

Jury Instructions, Voir Dire and Trial Briefs: July 12, 2010;

Jury Trial: **July 19, 2010 at 9:30 a.m.**

**IT IS SO ORDERED** this 4th day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT